ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 30, 2006

The Honorable Tamara Y.S. Keener          Opinion No. GA-0475
Gillespie County Attorney
125 West Main, Suite L41                   Re: Gillespie county attorney's authority to use
Fredericksburg, Texas 78624                money in the hot check fund to sponsor a
                                           children's book (RQ-0473-GA)

Dear Ms. Keener:

You ask about your authority to spend money from the hot check fund to sponsor a children's book.[1]

You inform us that the Ambassador Company has published a children's book entitled *My Favorite Book*, which is a book on "citizenship and how to be your best" that Ambassador is to distribute free of charge to all first grade students in Gillespie County. Brief, *supra* note 1, at 2. You question whether your office can spend $782 from its hot check fund to sponsor the book. *See id.*; *see also* Request Letter, *supra* note 1, at 1.

The hot check fund is established by Code of Criminal Procedure article 102.007, which provides that a county attorney "may collect a fee if [the attorney's] office collects and processes a check or similar sight order" issued or passed in violation of certain Penal Code provisions. TEX. CODE CRIM. PROC. ANN. art. 102.007(a) (Vernon Supp. 2006). Fees collected under this authority

> shall be deposited in the county treasury in a special fund to be
> administered by the county attorney . . . . Expenditures from this fund
> shall be at the sole discretion of the attorney and may be used *only to
> defray the salaries and expenses of the prosecutor's office*, but in no
> event may the county attorney . . . supplement his or her own salary
> from this fund.

*Id.* art. 102.007(f) (emphasis added). The plain language is clear that "[e]xpenditures from this fund shall be at the sole discretion of the attorney." *Id.* The provision's plain language also limits expenditures to only those that "defray the salaries and expenses of the prosecutor's office." *Id.*

---

[1]*See* Letter and attached Memorandum Brief from Honorable Tamara Y.S. Keener, Gillespie County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 30, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter and Brief respectively].

Whether a particular expenditure is authorized depends on two factors: (1) whether the expenditure is related to the official business of the office, and (2) whether any constitutional or statutory provisions prohibit the expenditure. Tex. Att'y Gen. Op. No. JM-0313 (1985) at 7. Because we find no constitutional or statutory provision that expressly prohibits as a general matter an expenditure for children's books, we focus our discussion on the first factor.

As to the first factor, county attorneys are generally responsible under the Texas Constitution to "represent the State in all cases in the District and inferior courts in their representative counties." TEX. CONST. art. V, § 21. But their duties—that is, those responsibilities that constitute a county attorney's official business—are to "be regulated by the Legislature" and are thus tied to statutes. *Id.* This business is varied. For example, on the one hand county attorneys are litigators, prosecutors required by the Code of Criminal Procedure "not to convict, but to see that justice is done." TEX. CODE CRIM. PROC. ANN. art. 2.01 (Vernon 2005).[2] On the other hand, county attorneys are researchers and writers required to render legal advice to county and precinct officials within the attorney's county. TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004). As county officials, moreover, county attorneys hold "virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute." *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980).

You ask that we determine as a matter of law that you are authorized to spend $782 from the hot check fund to sponsor a children's book. *See* Brief, *supra* note 1, at 2. We are unable to make that determination. Whether the book is connected to your official business requires the application of facts to law. We cannot resolve fact questions in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0430 (2006) at 3 n.4. It is instead your duty as the official with discretionary authority over the funds to make that determination first, subject to judicial review for abuse of that discretion. *See* *Barrington v. Cokinos*, 338 S.W.2d 133, 142 (Tex. 1960) ("[A] court has no right to substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law visits the primary power and duty to act.").

---

[2]*See Ex Parte Hopson*, 688 S.W.2d 545, 549 (Tex. Crim. App. 1985) (applying to county attorneys the admonishment to further justice in Code of Criminal Procedure article 2.01).

## S U M M A R Y

The Gillespie County Attorney may use money in the attorney's hot check fund to sponsor a children's book if the book is related to the attorney's official business and no other law prohibits such an expenditure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee